| THIBODEAUX, Judge.
Safeway Insurance Company appeals a trial court judgment that its automobile liability policy in favor of the defendant, Dianne Edwards, was not properly canceled, and appeals from the award of damages to Brooklyn Malveaux and Kaitlyn Arceneaux, the minor children of the plaintiff, Tarrell Lafleur, all of whom were guest passengers in a vehicle owned by Phillip Malveaux. State Farm Insurance Company, the dismissed uninsured/under-insured motorist carrier of Phillip | ^Malveaux, asserts the liability of Safeway Insurance Company and the propriety of State Farm’s dismissal. The plaintiffs in the Malveaux vehicle assert that if Safeway Insurance is found to have validly canceled coverage, that State Farm is not dismissed from the suit. We find that the Safeway policy was not properly canceled and did, therefore, provide liability coverage for the injuries of the plaintiffs. Since damages were well under $10,000.00, State Farm’s uninsured/underinsured motorist coverage is not required, and the dismissal of State Farm will not be disturbed. We also find that Brooklyn Malveaux and Kaitlyn Arceneaux are entitled to the damages awarded.
We affirm.
I.

ISSUES

We must decide:
1) whether the Safeway Insurance policy was properly canceled in compliance with La.R.S. 9:5350.
2) whether the evidence adduced supported the damage awards to Brooklyn Malveaux and Kaitlyn Arceneaux.
II.

FACTS

The Accident
At approximately 4:30 p.m. on November 15, 1997, under rainy conditions in a parking lot0 in Opelousas, Louisiana, Dianne Edwards backed her 1980 Cougar into the parked vehicle of Phillip Mal-veaux. Tarrell Lafleur testified that Phillip Malveaux had gone inside a store to have an engagement ring sized for her while she waited in the vehicle with the two little girls. The parking lot was full. Mr. Malveaux had parked his 1995 Mustang across lines in the only available area, which Lwas not allocated as a parking space. While he was inside, a white vehicle in a parking space perpendicular to the Mustang pulled out, and Dianne Edwards pulled into that space. Before Mr. Mal-veaux returned, Edwards returned to her Cougar and proceeded to back approximately twenty-five feet into the Mustang, injuring Ms. Lafleur and the children. The parking lot was a private lot, and no citation was issued for the parking position of the Mustang.
Ms. Lafleur sued for damages to herself and to Brooklyn, age eleven months old, *761 and to Kaitlyn, age three years old, at the time of the accident. All three plaintiffs were awarded damages totaling $3,640.58 by the trial court. Dianne Edwards was found 100% at fault for the accident, and a judgment for $3,640.58 was entered against her automobile liability insurer, Safeway Insurance Company of Louisiana (Safeway). Lafleur also sued Phillip Mal-veaux’s uninsured/underinsured motorist carrier, State Farm Mutual Automobile Insurance Company (State Farm). State Farm was dismissed due to the $10,000/ $20,000 underlying coverage of Safeway.
Safeway appeals the judgment of the trial court, asserting a timely cancellation of the policy issued to the defendant, Dianne Edwards. Safeway also appeals the damages awarded to the two minor children, asserting that no evidence was adduced to support their claimed injuries. Ms. Lafleur and State Farm filed briefs asserting that the trial court properly found that Safeway covered the accident because its cancellation was not effected in compliance with the statutory requirements of La.R.S. 9:3550. Ms. Lafleur does not contest the amount of damages awarded. However, Ms. Lafleur does contest the dismissal of State Farm if we reverse the trial court and dismiss Safeway after a finding that its cancellation was Improper. Accordingly, State Farm asserts that its own dismissal is final no matter what the outcome of the Safeway coverage.
The Safeway Policy
The record reflects that the pertinent events regarding the initial coverage and alleged cancellation by Safeway occurred as follows. The defendant, Dianne Edwards, entered into a contract with a premium finance company on September 8, 1997, for six months of Safeway auto liability coverage which would have expired on March 8, 1998. Hence, the accident on November 15, 1997, fell within the effective dates of the coverage. The contract with the premium finance company gave it power of attorney to cancel the insurance policy for non-payment of premium. By September 30, 1997, Edwards was found in default of payment by the finance company, and a “10 DAY NOTICE OF CANCELLATION” bearing the date of September 30, 1997, was mailed stating that coverage would be canceled on October 10, 1997. However, the evidence demonstrates that the1 notice dated September 30, 1997 was not mailed until October 1, 1997.
The finance company then generated a “CANCELLATION NOTICE” bearing a different date of cancellation than that previously indicated. The actual “CANCELLATION NOTICE” itself was dated October 11, 1997, and it stated that coverage “is canceled effective as of’ 12:01 a.m., October 11, 1997. The trial court found that the cancellation was invalid as it was not in compliance with La.R.S. 9:3550. We agree, and for the reasons set forth below, we affirm the lower court ruling in all respects.
_is.ni.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside a trial court’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court:
1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120 (La.), unit denied after remand, 515 So.2d 1108 (La.1987).
Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations *762 and inferences of fact should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), writ denied after remand, 374 So.2d 660 (La.1979). Additionally, a reviewing court must keep in mind that if a trial court’s findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. Housley v. Cerise, 579 So.2d 973 (La.1991), writ denied after remand, 600 So.2d 646 (La.1992). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.
| ^Assignments of Error
Safeway contends that:
1) The trial court was clearly wrong in finding that the Safeway policy at issue was not properly canceled pursuant to La.R.S. 9:3550.
2) The trial court did not have enough evidence before it to sustain an award of damages to Brooklyn Malveaux.
3) The trial court did not have enough evidence before it to sustain an award of damages to Kaitlyn Malveaux [sic] [Arceneaux].
La.R.S. 9:3550 — Insurance Premium Finance Companies
At issue in this case is La.R.S. 9:3550(G), which governs insurance premium finance companies. Louisiana Revised Statutes 9:3550(G)(3)(a) provides that insurance contracts may be canceled upon default ten days after the notice of cancellation has been mailed to the insured by mailing within the next five days a copy of the notice of cancellation to the insurer along with a statement certifying that (i) the premium finance agreement contains a valid power of attorney; (ii) the agreement is in default; and (iii) upon default, a notice of cancellation was mailed to the insured ... specifying the date of mailing by the premium finance company to the insured (emphasis added). Additionally, the statute provides at La.R.S. 9:3550(G)(1) (emphasis added) as follows:
When a premium finance agreement contains a power of attorney enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be canceled by the insurance premium finance company unless such cancellation is effectuated in accordance with this Subsection.
Louisiana courts require strict adherence to these statutory requirements when a finance company exercises its power of attorney to cancel an insurance policy. Britten v. Reavis, 503 So.2d 1149 (La.App. 3 Cir.), writ denied, 506 So.2d 1232 (La.1987); Eaglin v. Champion Ins. Co., 558 So.2d 284 (La.App. 3 Cir.1990). In Britten, 503 So.2d at 1153-1154, we found the steps in La.R.S. 9:3550(G) to be mandatory, stating that: “Strict adherence to the statutory procedure for exercising the power of attorney and effecting cancellation of a policy by a finance company is necessary because that is the only way the effective date of cancellation can be accurately determined.”
In the present case, the trial court found that the ten day notice of cancellation was not mailed, as it specified that it was, on September 30, 1997, and that it therefore did not comply with La.R.S. 9:3550(G)(3)(a)(iii). The court found no merit in the testimony of Safeway employees that a holiday or weekend caused the postmark to read October 1, 1997 instead of September 30, 1997. The court consulted its calendar and found that September 30, 1997 was on a Tuesday, and October 1, 1997 was on a Wednesday. Therefore, no weekend or holiday prevented the mailing from occurring when it was specified to have been done. The court also found that the cancellation date on the second notice was one day beyond that specified on the ten-day advance notice; i.e., the second notice announcing final cancellation provid *763 ed the date of cancellation as October 11, 1997 instead of the earlier notice providing for an October 10, 1997 cancellation. Relying upon the language in the statute at La.R.S. 9:3550(G)(1) and the language in Britten,, the court found that the cancellation was not in compliance as required and was, therefore, invalid. We find no manifest error in that ruling.
Safeway argues that in spite of the date of cancellation having been moved forward by one day, the time elapsing between mailing on October 1, and cancellation on October 11 did constitute the mandatory ten days. However, the court found that compliance was key in these insurance statutes and that Safeway had not supported its allegation that its error was harmless error. We agree. As in | auninsured/underinsured motorist rejection statutes, it is not enough that the rejection be signed by the insured; the language of the rejection itself must comply with the criteria set forth in the relevant statute. Likewise, in statutes of limitation issues, it is not enough that the plaintiff really was injured; he must also file suit according to the deadlines provided in the applicable statute of limitation for his particular cause of action. Accordingly, we affirm the trial court’s ruling that the cancellation by Safeway was not in compliance with La.R.S. 9:3550 and is, therefore, invalid.
Having found Safeway liable for the injuries of the plaintiffs and its coverage sufficient for the plaintiffs’ recovery of damages, we need not address or disturb the dismissal of State Farm, Malveaux’s uninsured/underinsured motorist carrier. We turn now to Safeway’s second and third assignments of error wherein it alleges that the record contains insufficient evidence of any injuries suffered by the two minor children, Brooklyn Malveaux and Kaitlyn Arceneaux. Safeway has not contested the damage award of $2,390.58 to Tarrell Lafleur.
Damages of Brooklyn Malveaux
Brooklyn Malveaux was eleven months old at the time of the accident. She was located in a baby-seat in the rear passenger position, or rear right seat of Mr. Malveaux’s 1995 Mustang. The investigating police officer, Donald Pickney, stated that Edwards backed up a distance of approximately twenty-five feet and struck the parked Mustang just to the front of the rear wheel on the driver’s side. Officer Pickney rated the damage to Edwards’ 1980 Cougar as light, and the damage to Malveaux’s 1995 Mustang as moderate. Ms. Lafleur testified that the impact “jerked” the Mustang, and then “it went back into place.”
After the impact, Brooklyn, who already had a cold, became cranky and whiny for a couple of weeks. Ms. Lafleur wanted to have her checked for injuries and |fltook her to Dr. Dodanim Altamirano on November 18, 1997, three days after the accident. Dr. Altamirano noted the accident as the reason for the visit, and upon examination found congestion and upper respiratory infection. He prescribed medication. The doctor’s visit was $75.00. The trial court awarded that amount plus $300.00 for general damages, for á total award of $375.00 to Brooklyn. Safeway argues that Brooklyn’s congestion was not a result of the accident and that she is not entitled to damages. However, we do not find error in the trial court’s minimal award to Brooklyn. She would not have gone to the doctor but for the accident, and the trial court obviously believed Ms. Lafleur when she described the difference between Brooklyn’s pre-accident and post-accident behavior.
Damages of Kaitlyn Arceneaux
Kaitlyn was three years old at the time of the accident and was seated in the back seat on the driver’s side where the impact occurred. Ms. Lafleur was turned around facing the children attempting to give Brooklyn her bottle when the impact occurred, and she saw Kaitlyn bump her head. Ms. Lafleur testified that after the accident, Kaitlyn was unable to sleep well and complained that her head hurt for *764 several weeks. She too was taken to Dr. Altamirano who reported that she complained to him of pain in her left shoulder and leg. However, his diagnosis was “well child” and upon examination he found her condition “unremarkable.” Safeway argues that Kaitlyn is not entitled to damages. The trial court determined that because Kaitlyn was of tender age it was difficult to know the exact extent of her injuries. He awarded $875.00 for Kaitlyn’s damages at the end of trial, $75.00 for the doctor’s visit and $800.00 for her general damages. We agree with the trial court’s reasoning and affirm the award of $875.00 for Kaitlyn’s injuries.
IiqLV-

CONCLUSION

As stated, Safeway did not contest the award to Ms. Lafleur, who suffered back and head pain. Based upon the foregoing, we affirm the judgment of the trial court in favor of Ms. Lafleur and the minor girls, and against Safeway Insurance Company of Louisiana in the amount of $3,640.58. We also uphold the trial court’s assessment of the invalidity of Safeway’s attempted cancellation of the policy. All costs of this appeal are assessed against Safeway Insurance Company.
AFFIRMED.