STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW06-959

WILLIAM DeSOTO, ESTELLA DeSOTO,
AND DICKIE BERNARD

VERSUS

GERALD S. HUMPHREYS, ILLINOIS
NATIONAL INSURANCE COMPANY,
AND UNITED SERVICES AUTOMOBILE
ASSOCIATION

**********

WRIT APPLICATION FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 06-6000, DIV. A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**WRIT GRANTED AND MADE PEREMPTORY;**
**SUMMARY JUDGMENT RENDERED.**

**Sidney W. Degan, III**
**Travis L. Bourgeois**
**Brian W. Harrell**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**Counsel for Defendant-Applicant:**
   **Trinity Universal Insurance Company**

**Gary J. Delahoussaye**
**Briney & Foret**
**P.O. Box 51367**
**Lafayette, LA 70505-1367**
**Counsel for Defendants:**
    **Gerald S. Humphreys and Illinois National Insurance Company**

**Gordon L. James**
**Hudson, Potts & Bernstein, L.L.P.**
**P.O. Drawer 3008**
**Monroe, LA 71210-3008**
**Counsel for Defendant:**
    **First Insurance Funding Corporation**

**John C. Pickels**
**P.O. Box 1525**
**Alexandria, LA 71309-1525**
**Counsel for Defendant:**
    **United Services Automobile Association**

**Darrel D. Ryland**
**J. B. Treuting**
**Wesley Elmer**
**P.O. Drawer 1469**
**Marksville, LA 71351**
**Counsel for Plaintiffs-Respondents:**
    **William DeSoto, Estella DeSoto, and Dickie Bernard**

**PAINTER, Judge.**

Trinity Universal Insurance Company (Trinity) filed this writ application seeking review of the trial court's judgment denying its motion for summary judgment. This court denied the writ, finding no error in the trial court's ruling. Trinity sought writs from the Louisiana Supreme Court, which were granted. The Louisiana Supreme Court remanded the matter to this court for briefing, oral argument, and opinion. After due consideration, for the reasons set forth below, we grant the writ, make it peremptory, and render summary judgment dismissing Plaintiffs' claims against Trinity.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an automobile accident that occurred on December 5, 2003. William DeSoto (DeSoto) was the owner and operator of a 1992 Toyota in which Dickie Bernard (Bernard) was a guest passenger. Gerald S. Humphreys (Humphreys) was operating a 2001 Chevrolet which was owned by Christopher Tackett. The DeSoto vehicle was stopped at a red light when it was rear-ended by the Humphreys vehicle. Plaintiffs, William DeSoto, Estella DeSoto, and Dickie Bernard, sued Trinity as the insurer of Elevated Tank Applicator (Elevated Tank) and Humphreys. In the course of these proceedings, Trinity filed a motion for summary judgment claiming that there was no coverage for the subject accident because the policy was cancelled for non-payment of premiums four months before the accident. The trial court denied Trinity's motion for summary judgment, and Trinity timely sought supervisory writs from this court. Finding no error in the trial court's ruling, on October 3, 2006, this court denied Trinity's writ application. Trinity then sought writs from the Louisiana Supreme Court. On February 2, 2007, the supreme court granted writs and remanded the matter to this court for briefing, argument, and

1

opinion. For the reasons that follow, we find that Trinity is entitled to the presumption contained in La.R.S. 9:3550(G)(3)(c). Accordingly, we grant the writ and enter summary judgment in favor of Trinity.

## DISCUSSION

We conduct a *de novo* review of a trial court's grant or denial of a motion for summary judgment. In *Clement v. Reeves*, 05-616, pp. 3-4 (La.App. 3 Cir. 6/28/06), 935 So.2d 279, 281, we stated the following:

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

Louisiana Code of Civil Procedure art. 966(C)(2) provides:

> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, motion, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Here, Trinity bears the burden of proving that the policy has been cancelled for nonpayment of premiums prior to the date of loss. Under the facts of this case, we find that Trinity is aided in this burden by the presumption contained in La.R.S. 9:3550(G)(3)(c), which states:

> **The receipt of such notice of cancellation and statement by the insurer shall create a conclusive presumption that the facts stated in said notice and statement are correct, that the insurer is entitled to rely on such facts and that the cancellation of the insurance**

2

**contract or contracts is concurred in and authorized by the insured. No liability of any nature whatsoever either in favor of the insured, any governmental agency, holder of a security interest in the insured property, or third party shall be imposed upon the insurer as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, or as a result of failure by the insured, any governmental agency, holder of a security interest in the insured property, or third party to receive the notice of cancellation required by Paragraph (2) of this Subsection, or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection.** Upon mailing of any unearned premium and unearned commission to the insurance premium finance company as soon as practicable following such cancellation, the insurer shall be fully discharged from all liability under the insurance contract or contracts for any loss occurring subsequent to the effective date of cancellation.

(Emphasis added).

Elevated Tank entered into a contract with First Insurance Funding Corporation (FIFC) for the payment of its insurance premiums to Trinity. Trinity contends that Elevated Tank failed to pay FIFC and was placed in default. On August 4, 2003, FIFC provided notice to Trinity and Elevated Tank that the insurance policy would be cancelled on August 14, 2003, if the premiums were not paid. FIFC contends that no payments were made and issued a notice of cancellation dated August 18, 2003, effective for that date. Despite the discrepancy in dates, Trinity contends that FIFC provided proper notice to Elevated Tank of its intent to cancel the policy for non-payment of premiums and then provided proper notice of cancellation of the policy. Consequently, Trinity avers that it cannot be held liable for the accident in accordance with the express language of La.R.S. 9:3550(G)(3)(c). With respect to its motion for summary judgment, Trinity argued that no genuine issue of material fact exists because the occurrence for which Plaintiffs brought this suit allegedly took place on December 5, 2003, and thus occurred after the cancellation of the Trinity policy and that because the Trinity policy was cancelled prior to the accident, it cannot provide

3

coverage to the claimants in this lawsuit. Additionally, Trinity argues that even if the trial court properly found that FIFC did not comply with all the requirements of cancellation, that would have no effect on Trinity because once it received notice from FIFC, Trinity was relieved of any liability in this case.

In opposition, Plaintiffs argue that Trinity bears the burden of proving that the policy was properly cancelled. Plaintiffs point to several facts in an attempt to show that the policy was not properly cancelled. For example, Plaintiffs assert that the notice of intent to cancel shows that it was sent on August 4, 2003, but the payment history shows that it was sent on August 5, 2003 and that the notice of intent states the effective cancellation date would be August 14, 2003, but the notice of cancellation and the payment history both show the cancellation date to be August 18, 2003. Plaintiffs contend that the inconsistencies in the cancellation dates render the cancellation invalid.

Plaintiffs rely on *LaFleur v. Safeway Ins. Co.*, 99-191 (La.App. 3 Cir. 6/2/99), 741 So.2d 759, wherein this court found that the Safeway policy at issue had not been properly cancelled under La.R.S. 9:3550 because Safeway did not strictly adhere to the cancellation requirements contained therein. Safeway's notice of intent of cancellation was dated September 30, 1997, but was not mailed until October 1, 1997. Additionally, the cancellation notice stated that cancellation was effective October 11, 1997, despite the fact that the notice of cancellation gave a cancellation date of October 10, 1997. This court explained:

> Louisiana courts require strict adherence to these statutory requirements when a finance company exercises it power of attorney to cancel an insurance policy. *Britten v. Reavis*, 503 So.2d 1149 (La.App. 3 Cir.), writ denied, 506 So.2d 1232 (La.1987); *Eaglin v. Champion Ins. Co.*, 558 So.2d 284 (La.App. 3 cir. 1990). In *Britten*, 503 So.2d at 1153-1154, we found the steps in La.R.S. 9:3550(G) to be mandatory, stating that: "Strict adherence to the statutory procedure for exercising the power of attorney and effecting cancellation of a policy by a finance

4

company is necessary because that is the only way the effective date of cancellation can be accurately determined."

*Id*. at 762.

However, we find that this case is not controlled by *LaFleur* because that case came before us after a full trial on the merits. Thus, we were constrained by the manifest error standard of review. This case is before us on the denial of a motion for summary judgment, and, as stated above, we review this matter *de novo*. Moreover, *LaFleur* did not address the specific area of the statute that deals with the insurer's liability where the premium finance company fails to comply with statutory procedures. This is the pivotal issue now before us.

We cite with approval the language of the first circuit in *Stephens v. LeBlanc*, 03-1460, pp. 5-6 (La. App. 1 Cir. 5/14/04), 879 So.2d 262, 265-266:

> Although the trial court may have been correct in finding that, at the very least, LIFCO failed to send the requisite notice to the specifically named agent, the trial court committed legal error by not applying La. R.S. 9:3550 G(3)(c).
>
> Under section G(3)(c), and in spite of LIFCO's procedural failures, the insurer, defendant U.S. Agencies, is entitled to the "conclusive presumption" provided by statute upon its receipt of the notice of cancellation and certifying statement. Section G(3)(c) further provides that the insurer cannot be held liable "in favor of the insured," Mr. LeBlanc, "as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, ... or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection." The statutory directive is clear. Although LIFCO may have made mistakes, under the specific facts here, the legislature has determined that the insurer cannot be held liable for the coverage based only on the procedural failures of the insurance premium finance company asserted by Mr. LeBlanc. Thus, the policy was properly cancelled by the insurer prior to the accident.

Under the statute, Trinity was entitled to rely on the facts stated in the notice of cancellation sent by FFIC. Thus, we agree with Trinity's assertion that it cannot be held liable for the alleged improper cancellation effected by FIFC under the express

5

language of the statute. We find that Trinity met its burden of proof and that Plaintiffs have done nothing to rebut the presumption. Therefore, there is no genuine issue of material fact that would preclude the grant of summary judgment in favor of Trinity.

## DECREE

For the foregoing reasons, we find in favor of Trinity on its motion for summary judgment. We hereby grant Trinity's writ application, make it peremptory, and render judgment in favor of Trinity, dismissing Plaintiffs' claims against Trinity. Costs of this proceeding are assessed equally to Plaintiffs-Respondents, William DeSoto, Estella DeSoto, and Dickie Bernard, and to Defendant/Third Party Plaintiff-Respondent-United Services Automobile Association.

**WRIT GRANTED AND MADE PEREMPTORY; SUMMARY JUDGMENT RENDERED.**