# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 24-656

**HEATHER WALKER**

**VERSUS**

**KEANNA LARCART AND**
**OLD AMERICAN INSURANCE COMPANY**

**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRITS
FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2021-9050, Div. A
HONORABLE KERRY LYNDON SPRUILL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**CLAYTON DAVIS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Clayton Davis, Judges.

**WRIT GRANTED AND MADE PEREMPTORY;**
**SUMMARY JUDGMENT RENDERED.**

**Bradley John Gadel**
**Attorney at Law**
**728 Jackson St.**
**Alexandria, LA 71301**
**(318) 448-4406**
**brad@bjgaplc.com**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
      **Keanna Larcart**

**E'Vinski Lamarr Davis**
**Derek M. Tanner**
**William Howard Justice**
**Kenneth Walter Andrieu**
**Christine Wells**
**Tara Holtzclaw**
**Tanner & Justice**
**4171 Essen Lane, Suite 400B**
**Baton Rouge, LA 70809**
**(225) 421-2701**
**evinski.davis@southeaststaffcounsel.com**
**derek.tanner@southeaststaffcounsel.com**
**william.justice@southeaststaffcounsel.com**
**kenneth.andrieu@southeaststaffcounsel.com**
**christine.wells@southeaststaffcounsel.com**
**tara.holtzclaw@southeaststaffcounsel.com**
**COUNSEL FOR DEFENDANT/APPLICANT:**
      **Old American Indemnity Company**

**Cory Paul Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Attorneys at Law**
**107 North Washington St.**
**Marksville, LA 71351**
**(318) 240-7800**
**cory@cproylaw.com**
**christine.wells@southeaststaffcounsel.com**
**tara.holtzclaw@southeaststaffcounsel.com**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
      **Heather Walker**

**DAVIS, Judge.**

Old American Indemnity Company cancelled an automobile policy for non-payment of premium prior to an accident involving its insured, Dynell Harris. When sued under the policy for its insured's liability, Old American filed a motion for summary judgment based on the cancellation. At the hearing on the motion, Old American provided evidence that its insured failed to make timely premium payments to the finance company, Confie Premium Finance Inc. The trial court denied the motion, finding an issue of fact concerning the mailing of the cancellation notice. The notice was not sent to the address listed on the finance agreement (2434 Combs Drive, Jackson, La.), but rather was sent to the address listed on the policy (2434 Tombs Drive, Jackson, La.). For the following reasons, we find that the notice was sent to the correct address and that the procedure followed by Old American to cancel the policy followed all statutory requirements. Accordingly, we reverse and remand.

## BACKGROUND

Old American submitted the affidavit of George Steimel, a private investigator, in support of its motion for summary judgment. Steimel's affidavit states, "the address of 2434 Combs Drive does not exist in Jackson, LA." Steimel's affidavit further states that he drove to Jackson, Louisiana, and located a home at 2434 Tombs Drive.

Old American also submitted the affidavit of an authorized representative of Confie, which included a copy of the declarations page of the auto policy issued by Old American to its insured in this case. The declarations page lists the insured's address as "2434 **T**ombs Dr.", Jackson, LA., 70748 (emphasis added). The affidavit also attached a copy of Confie's Insurance Premium Finance and Security

agreement with the insured which lists the address as "2434 **C**ombs Dr.," Jackson, La., 70748 (emphasis added).

Confie sent a Ten-Day Notice of Cancellation letter to the insured at 2434 Tombs Dr., Jackson, LA 70748, the address on the policy's declarations page, rather than the one listed on the finance agreement. The letter advised that the policy would be cancelled absent payment prior to the cancellation date. Old American cancelled the policy pursuant to the terms of the cancellation letter.

Plaintiff did not file any additional evidence in opposition to Old American's motion. There is no suggestion that the insured did not actually receive the cancellation notice. Rather, Plaintiff's opposition to the trial court was based solely on the argument that the notice of cancellation was not mailed to the address stated on the finance agreement (i.e. Combs Dr., a non-existent address).

## STANDARD OF REVIEW

The Louisiana Code of Civil Procedure and the jurisprudence provide the standard of review as well as the framework for determining the outcome of summary judgments:

> Appellate courts review summary judgments de novo utilizing the same analysis employed by a trial court: do the pleadings, memoranda, affidavits, depositions, answers to interrogatories, and other documents that may properly be considered demonstrate that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law? La.Code Civ.P. art. 966; [citation omitted] De novo review is undertaken regardless of whether the matter arises from an appeal or in the exercise of our discretionary jurisdiction. [citation omitted].

*Hood v. Sasol Chemicals (USA) LLC,* 23-379, p. 7 (La.App. 3 Cir. 5/1/24), 389 So.3d 881, 885.

## DISCUSSION

Louisiana Revised Statutes 9:3550 governs insurance premium finance companies and agreements. Louisiana Revised Statutes 9:3550(G) provides the

procedure by which an insurance policy may be canceled upon default, when a premium finance agreement contains a power of attorney enabling the finance company to cancel the policy. It states, in pertinent part:

> (2) Upon default of the insurance premium finance agreement by the debtor, the premium finance company shall mail or send an electronic notice of cancellation to the insured, **at his last known mailing or electronic address as shown on the records of the insurance premium finance company**. . . . In the event the default is not timely cured as provided herein and the insurance policy is canceled pursuant to the terms of the insurance premium finance agreement, a copy of the notice of cancellation of the insurance contract shall also be sent to the insurance agent negotiating the related insurance contract whose name and place of business appears on the insurance premium finance agreement. Such notice of cancellation shall also state the name of any governmental agency, holder of a security interest in the insured property, or third party also requiring notice of cancellation as shown on the insurance premium finance agreement.

*Id.* (emphasis added).

Louisiana Revised Statutes 9:3550(G)(3) further provides that if the default has not been cured within ten days after the notice of cancellation was mailed to the insured, the premium finance company may cancel the policy by mailing, or electronically submitting, a copy of the notice of cancellation and a certification statement to the insurer within five business days after the date of cancellation, and, upon receipt, the insurer may cancel the policy, with an effective date of 12:01 a.m. on the tenth day after sending the notice of cancellation. The statute also states:

> The receipt of such notice of cancellation and statement by the insurer shall create a **conclusive presumption** that the facts stated in said notice and statement are correct, that the insurer is entitled to rely on such facts and that the cancellation of the insurance contract or contracts is concurred in and authorized by the insured. **No liability of any nature whatsoever . . . in favor of the insured . . . shall be imposed upon the insurer as a result of any misstatement of fact** contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, or as a result of failure by the insured, . . . to receive the notice of cancellation required by Paragraph (2) of this Subsection, **or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection**. Upon mailing of any unearned premium and unearned commission to the insurance premium finance

3

company as soon as practicable following such cancellation, **the insurer shall be fully discharged from all liability under the insurance contract or contracts for any loss occurring subsequent to the effective date of cancellation.**

*Id*. (emphasis added).

The records attached to Old American's affidavit include Confie's notice of cancellation and certification statement as contemplated by La.R.S. 9:3550(G)(3)(a) addressed to Old American. Old American argues that, given the conclusive presumption provided in La.R.S. 9:3550(G)(3)(c), its cancellation was valid. It suggests this is especially true given the notice was sent to a real address contained in Confie's records, rather than to a non-existent address that was listed on the finance agreement due to an apparent typo.

Old American cites *Stephens v. LeBlanc*, 03-1460 (La.App. 1 Cir. 5/14/04), 879 So.2d 262, in which the first circuit concluded that an insurance cancellation was effective even though a ten-day notice of cancellation was not sent to the insured's agent as required by La.R.S. 9:3550(G)(2). The court found that the trial court was in error in not applying the conclusive presumption required by La.R.S. 9:3550(G)(3)(c). The court stated:

> Under section G(3)(c), and in spite of LIFCO's [the finance company] procedural failures, the insurer, defendant U.S. Agencies, is entitled to the "conclusive presumption" provided by statute upon its receipt of the notice of cancellation and certifying statement. Section G(3)(c) further provides that the insurer cannot be held liable "in favor of the insured," Mr. LeBlanc, "as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, . . . or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection." The statutory directive is clear. Although LIFCO may have made mistakes, under the specific facts here, the legislature has determined that the insurer cannot be held liable for the coverage based only on the procedural failures of the insurance premium finance company asserted by Mr. LeBlanc. Thus, the policy was properly cancelled by the insurer prior to the accident.

*Stephens*, 879 So.2d at 265–66.

4

Old American also cites *DeSoto v. Humphreys*, 06-959 (La.App. 3 Cir. 5/2/07), 957 So.2d 268, where this court reversed the trial court, found that the insurer was entitled to the presumption set forth in La.R.S. 9:3550(G)(3)(c), and rendered summary judgment in favor of the insurer. In *DeSoto*, the plaintiffs argued that the policy cancellation was invalid because there were inconsistencies in cancellation dates set forth in the notices that were sent. However, this court rejected that argument, stating:

> Under the statute, Trinity [the insurer] was entitled to rely on the facts stated in the notice of cancellation sent by FFIC [the premium finance company]. Thus, we agree with Trinity's assertion that it cannot be held liable for the alleged improper cancellation effected by FIFC under the express language of the statute. We find that Trinity met its burden of proof and that Plaintiffs have done nothing to rebut the presumption. Therefore, there is no genuine issue of material fact that would preclude the grant of summary judgment in favor of Trinity.

*DeSoto*, 957 So.2d at 272.

Plaintiff suggests that a material issue of fact exists as to whether "Tombs Dr." or "Combs Dr." was the insured's correct address. Plaintiff acknowledges the presumption contemplated by La.R.S. 9:3550(G)(3)(c) but argues that the presumption should not be applied because the notice of cancellation did not contain a misstatement of fact, but rather it acknowledges mailing of the notice to the Tombs Drive address, rather than Combs Drive as stated on the finance agreement.

The notice was sent to the insured's address "shown on the records" of Confie, as contemplated by La.R.S. 9:3550(G)(2). Confie's records include the policy declarations, which contain the Tombs Drive address. While Confie's records also contain the Combs Drive address listed on the finance agreement, the records also include a certification that the notice was mailed to the insured's last known address. La.R.S. 9:3550(G)(3)(c) and applicable jurisprudence make clear that the insurer is permitted to rely on the statements of the premium finance company and cancel the

policy, even if there is a misstatement of fact and even if the finance company did not comply with the applicable statutory procedures.

Plaintiff also argues, for the first time, that Old American is not entitled to the statutory presumption because there is no evidence that Old American actually received the notice of cancellation and certification statement from Confie. We note that while the record has a notice and certification statement by Confie addressed to Old American, Plaintiff is correct that there is no specific statement in Old American's affidavit that Old American received the notice and statement. Rather, the affidavit states only that Old American cancelled the policy. Old American did not address this argument in its reply brief to this court.

Old American's actual cancellation of the policy, along with the notice and statement contained in Confie's files, is sufficient to establish receipt of the notice and statement by Old American. The ten-day notice of cancellation was sent to an actual, tangible address and there is no indication it was not received.

## CONCLUSION

Therefore, based on the above reasoning, the trial court erred in denying Old American's motion for summary judgment. Accordingly, we grant Old American's writ application, make it peremptory, and render judgment in favor of Old American, dismissing Plaintiff's claims against Old American. Costs of this proceeding are assessed against Plaintiff, Heather Walker.

**WRIT GRANTED AND MADE PEREMPTORY;**
**SUMMARY JUDGMENT RENDERED.**

6