*JEW*

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

\* \* \* \* \* \* \*

2019 CA 0356

2018 CW 1583

ROGER D. ANDERSON, TERRI T. ANDERSON, AND THERESA LEUSCHNER

VERSUS

LABORDE CONSTRUCTION INDUSTIRES, L.L.C., CATAMOUNT CONSTRUCTORS, INC., LMK BATON ROUGE CONSTRUCTION, L.L.C., AND THE STANDARD OF BATON ROUGE, L.L.C.

JUDGMENT RENDERED: **MAR 1 2 2020**

\* \* \* \* \* \* \*

Appealed and on Application for Supervisory Writs from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number 638,369 • Division D

The Honorable Janice G. Clark, Judge Presiding

\* \* \* \* \* \* \*

Sidney W. Degan, III
Micah A. Gautreaux
Baton Rouge, Louisiana

James A. Rowell
Charles B. Long
Travis L. Bourgeois
John Futrell
New Orleans, Louisiana

ATTORNEYS FOR APPELLANTS/RELATORS,
DEFENDANTS/ THIRD-PARTY PLAINTIFFS/
THIRD-PARTY DEFENDANTS—Gemini Insurance
Company and Endurance American Insurance
Company

Dennis J. Phayer
Mary E. Lorenz
Mindy Nunez Duffourc
Gregory C. Farenholt
Metairie, Louisiana

ATTORNEYS FOR APPELLEE/RESPONDENT,
THIRD-PARTY DEFENDANT—AXIS Surplus
Insurance Company

Ashley J. Helprin
Mark C. Dodart
Tessa P. Vorhaben
New Orleans, Louisiana

ATTORNEYS FOR APPELLEE,
DEFENDANT/THIRD-PARTY
PLAINTIFF/THIRD-PARTY DEFENDANT—AIX
Specialty Insurance Company

Scott E. Frazier
Jacob B. Huddleston
Baton Rouge, Louisiana

Troy P. Majoue
Dallas, Texas

ATTORNEYS FOR APPELLEE,
DEFENDANT/THIRD-PARTY PLAINTIFF/THIRD-
PARTY DEFENDANT—Catamount Constructors,
Inc.

\* \* \* \* \* \* \*

BEFORE: MCCLENDON, WELCH, AND HOLDRIDGE, JJ.

*GH*
*Holdridge J. concurs*
*PM,  J. McClendon concurs in result*
*by JEW*

**WELCH, J.**

The appellants/relators, Gemini Insurance Company and Endurance American Insurance Company, filed a supervisory writ application and a devolutive appeal of the trial court's ruling that granted summary judgment in favor of the appellee/respondent, AXIS Surplus Insurance Company, and dismissed Gemini and Endurance's claims, with prejudice. For the following reasons, we vacate the judgment in part, reverse the judgment in part, and remand. We deny the answer to the appeal. We dismiss the writ application.

## FACTS AND PROCEDURAL HISTORY

*Background*

The plaintiffs, Roger D. Anderson, Terri T. Anderson, and Theresa Leuschner, filed suit against The Standard at Baton Rouge, L.L.C. ("The Standard"), Laborde Construction Industries, L.L.C. ("Laborde"),[1] Catamount Constructors, Inc. ("Catamount"), and LMK Baton Rouge Construction, L.L.C. ("LMK"), on April 6, 2015, for alleged property damages and personal injuries arising from the defective construction of *The Standard at Baton Rouge, 740 W. Chimes Street, Baton Rouge, LA 70802* (the "project"), a multi-story student housing development.[2] The plaintiffs later amended their petition to name ISC Properties, L.L.C. ("ISC"), Gemini Insurance Company ("Gemini"), Endurance American Insurance Company ("Endurance"), University House Baton Rouge, L.L.C., XL Insurance America, Inc. ("XL"), and CSRS, Inc. ("CSRS") as defendants.

---

[1] On motion of the plaintiffs, the trial court dismissed their claims against Laborde and its insurers, The Hanover Insurance Group and AIX Specialty Insurance Group, LLC, with prejudice, in a judgment signed on January 7, 2019.

[2] This matter was previously consolidated with **Robin Toler v. Cable Lock Foundation Repair a/k/a Olshan Foundation Repair**, Docket No. 614,428, Div. D, Nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana. The cases were subsequently deconsolidated by order of the trial court dated August 27, 2018.

2

The project owner, The Standard, hired LMK as the general contractor on the project. LMK entered into a written subcontract with Catamount for the performance of site work and pile driving on March 3, 2014. Catamount subcontracted with Laborde, HCI Construction Group, Inc. ("HCI"),[3] Tindall Corporation ("Tindall"), and Associated Concrete Contractors, Inc. of Nevada ("ACC") to perform work on the project as defined in their respective subcontracts. Catamount was later terminated from the project on July 1, 2014.

Several insurers provided commercial liability coverage to the defendants and their subcontractors. Gemini issued one or more policies of commercial liability insurance to LMK and/or The Standard, including but not limited to policy number VCWP001227. Endurance also issued one or more policies of commercial excess liability insurance to LMK and/or The Standard, including but not limited to policy number EXC10004571400.

XL issued one or more policies of commercial liability insurance to Catamount, including but not limited to policy number CGD7409291 (eff. March 1, 2014 to March 1, 2015), under which LMK and/or The Standard are named as an "Additional Insured."

AIX Specialty Insurance Company ("AIX") issued one or more policies of commercial liability insurance to subcontractor Laborde, including but not limited to policy number L10QA167024-00 (eff. December 2, 2013 to December 2, 2014), under which Catamount and LMK and/or The Standard are named as an "Additional Insured."

AXIS Surplus Insurance Company ("AXIS") issued one or more policies of commercial general liability insurance to subcontractor HCI, including but not limited to policy number QGL13142 (eff. February 5, 2015 to February 5, 2016), under which Catamount and LMK and/or The Standard are named as an

---

[3] The contract between HCI and Catamount was assigned by HCI to LMK.

3

"Additional Insured." Accident Insurance Company ("Accident") also issued one or more policies of commercial general liability insurance to subcontractor HCI, including but not limited to policy number CPP0007525-01 (eff. January 18, 2014 to January 18, 2015), under which Catamount and LMK and/or The Standard are named as an "Additional Insured." Similarly, StarStone National Insurance Company, f/k/a or a/k/a Torus National Insurance Company ("Torus") issued one or more policies of commercial general liability insurance to subcontractor HCI, including but not limited to policy number 88272D142ALI (eff. January 18, 2014 to January 18, 2015), under which Catamount and LMK and/or The Standard are named as an "Additional Insured."

Travelers Indemnity Company ("Travelers") issued one or more policies of commercial general liability insurance to subcontractor Tindall, including but not limited to policy number VTC2K-CO-8280B578-IND-13 (eff. October 1, 2013 to October 1, 2014), under which Catamount and LMK and/or The Standard are named as an "Additional Insured."

United Fire & Casualty Company ("United") issued one or more policies of commercial general liability insurance to subcontractor ACC, including but not limited to policy number 85319386 (eff. March 1, 2014 to March 1, 2015), under which Catamount and LMK and/or The Standard are named as an "Additional Insured."

### Catamount's Third-Party Demand

Catamount filed a third-party demand against its various subcontractors Laborde, HCI, Tindall, ACC, as well as against the subcontractors' insurers AIX, Gemini, AXIS, Travelers, and United. Catamount argued that it was entitled to defense and indemnity with respect to all of the plaintiffs' claims for damages

asserted against Catamount that were caused by the acts or omissions of each of its respective subcontractors, including reasonable attorney's fees and costs.[4]

### AIX's Counterclaim, Cross-Claim, and Third-Party Demand

AIX (insurer of subcontractor Laborde) filed an original and first supplemental and amending counterclaim for declaratory judgment, cross-claim, and third-party demand against Catamount, HCI, ACC, AXIS, United, and Accident.[5] AIX averred that it had been participating in Catamount's defense against the plaintiffs' claims, subject to a full reservation of rights. AIX sought declaratory judgment that it has no duty to defend or indemnify Catamount. In the alternative, AIX sought declaratory judgment that in the event AIX has a duty to defend and/or indemnify Catamount, that HCI and ACC, and their respective insurers AXIS, United, and Accident, are obligated to pay their share of defense costs and indemnity incurred by AIX on behalf of Catamount (contribution claim). AIX further claimed entitlement to a judgment awarding it reimbursement, contribution, and/or damages from HCI, ACC, AXIS, United, and Accident for defense costs and indemnity already incurred by AIX on behalf of Catamount (unjust enrichment claim).

### Gemini and Endurance's Cross-Claim and Third-Party Demand

Gemini and Endurance (insurer and excess insurer of LMK and/or The Standard) filed a cross-claim and third-party demand against Accident, AIX, AXIS, United, XL, and Torus for declaratory judgment, contribution, and unjust enrichment.[6] Gemini alleged that it had been funding The Standard and LMK's

---

[4] On motion of Catamount, the trial court dismissed all of Catamount's third-party claims against Tindall and Travelers, without prejudice, in a judgment signed on June 1, 2016.

[5] On motion of AIX, the trial court dismissed all of AIX's claims against Tindall and Travelers raised in its original counterclaim for declaratory judgment, cross-claim, and third-party demand, without prejudice, in an order signed on January 11, 2017.

[6] On motion of Gemini and Endurance, the trial court dismissed all of their claims against Torus raised in their cross-claim and third-party demand for declaratory judgment, contribution, and unjust enrichment, without prejudice, in a judgment signed on May 14, 2018.

5

defense against the plaintiffs' claims pursuant to its policy.[7] Gemini and Endurance contended that the insurers named in their cross-claim and third-party demand are obligated under their respective policies to provide defense and indemnity to LMK and/or The Standard. Therefore, Gemini and Endurance sought a declaratory judgment that Accident, AIX, AXIS, United, XL, and Torus policies provided indemnity coverage to LMK and/or The Standard. Gemini and Endurance also claimed entitlement to defense costs and indemnity, as well as entitlement to reimbursement, contribution, and/or damages from Accident, AIX, AXIS, United, XL, and Torus for defense costs and indemnity already incurred by them on behalf of LMK and/or The Standard.

### *AXIS's Motion for Summary Judgment*

On November 15, 2017, AXIS filed a motion for summary judgment seeking dismissal with prejudice of all the claims asserted against it by (1) Catamount in its third-party demand, and (2) AIX in its first supplemental and amending counterclaim for declaratory judgment, cross-claim, and third-party demand. AXIS argued that there was no genuine issue of material fact that there was no AXIS policy in effect providing coverage during the relevant time periods that would entitle Catamount to defense and indemnity or entitle AIX to defense, indemnity, reimbursement, contribution, and/or damages.

AXIS set forth that the project's general contractor, LMK, entered into a subcontract with Catamount on March 3, 2014. Catamount subsequently entered into subcontracts with Laborde and HCI, among others. As a result of the work performed during the project, the plaintiffs sued Catamount for damages alleged to have resulted from construction work performed by Catamount, or at its direction.

---

[7] Endurance averred that it is not obligated to provide a defense to LMK and/or The Standard, but joined with Gemini in this pleading with respect to the indemnity claims to the extent the insureds are found liable, to the extent there is coverage under the Gemini/Endurance policies, and to the extent any damages breach the underlying layers of insurance coverage.

Pursuant to its subcontract with Catamount, HCI procured a commercial general liability policy with AXIS, on which Catamount was carried as an additional insured. Accordingly, Catamount claimed in its third-party demand that it was entitled to defense and indemnity from AXIS on all claims asserted against Catamount. Similarly, pursuant to its subcontract with Catamount, Laborde procured a commercial general liability policy with AIX, on which Catamount was carried as an additional insured. AIX contended in its first supplemental and amending counterclaim for declaratory judgment, cross-claim, and third-party demand that because AXIS also carried Catamount as an additional insured on its policy with HCI, AXIS was concurrently obligated with AIX to provide Catamount defense and indemnity, and that AXIS owes AIX defense, indemnity, reimbursement, contribution, and/or damages for the legal fees and costs AIX has incurred in defending Catamount.

AXIS argued that under the terms of its policy, the coverage it afforded Catamount as an additional insured was limited to Catamount's vicarious liability for any damages caused by the acts or omissions of HCI, or anyone acting on HCI's behalf. AXIS stated that Catamount was terminated from the project effective July 1, 2014. The AXIS policy issued to HCI had effective dates of February 5, 2015, to February 5, 2016. Accordingly, AXIS argued that its policy under which Catamount claimed additional insured status did not go into effect until seven months after Catamount's termination from the project, i.e., seven months after the last date Catamount faced potential vicarious liability exposure for any acts or omissions on the part of HCI. Therefore, AXIS argued that it provided no coverage to Catamount for any acts or omissions of HCI, and accordingly owed no defense and indemnity to Catamount and no defense, indemnity, reimbursement, contribution, and/or damages to AIX. On those grounds, AXIS prayed that the trial court dismiss, with prejudice, all claims asserted against it in:

7

(1) Catamount's third-party demand, and (2) AIX's first supplemental and amending counterclaim for declaratory judgment, cross-claim, and third-party demand.

### AIX Opposition

AIX opposed AXIS's motion for summary judgment, arguing that facts pled in the original and supplemental petitions, as well deposition testimony of the plaintiffs, created genuine issues of material fact regarding whether damage "manifested" during the AXIS policy period. AIX pointed out that AXIS asserted that its policy only provided coverage if the plaintiffs' damages occurred during the policy period. According to AXIS, its policy was in effect from February 5, 2015 to February 5, 2016, but was not in effect when Catamount was a subcontractor on the project. AIX noted that AXIS argued that once Catamount was terminated from the project on July 1, 2014, Catamount could not be found vicariously liable for any act or omission on the part of HCI post-termination, at a time when the AXIS policy may have been in effect.

AIX argued that Louisiana insurance law holds that the duty to defend is triggered when the damages allegedly caused by the insured "manifested" or were discovered, not simply when a contractor performed its allegedly defective work. AIX contended that there was a genuine issue of material fact as to whether the plaintiffs' damages manifested during the AXIS policy period (February 5, 2015 to February 5, 2016), rather than when the negligent acts that caused the damage occurred, such that coverage was triggered under the AXIS policy. For those reasons, AIX averred that AXIS's motion for summary judgment should be denied.

### Gemini/Endurance Opposition and Cross-Motion for Summary Judgment

Although not named in AXIS's motion for summary judgment, Gemini and Endurance opposed AXIS's motion for summary judgment against Catamount and AIX, arguing that AXIS should not be dismissed from the suit because Gemini and

Endurance had claims pending against AXIS that were not part of AXIS's motion for summary judgment; that AXIS had not responded to their discovery requests; and that AXIS's motion ignored Louisiana's "manifestation rule" regarding an insurer's duty to defend.

Gemini and Endurance also filed a cross-motion for summary judgment against AXIS on May 18, 2018, seeking judgment in their favor that AXIS was liable for defense, indemnity, reimbursement, contribution, and/or damages.[8] AXIS opposed Gemini and Endurance's cross-motion for summary judgment.

*Action in the Trial Court*

The trial court held a hearing on AXIS's motion for summary judgment against Catamount and AIX on October 30, 2018. At the conclusion of the hearing, the trial court granted AXIS's motion for summary judgment and dismissed all claims asserted against it by Catamount, AIX, Gemini, and Endurance, with prejudice. The trial court signed a judgment in accordance therewith on November 13, 2018. Gemini and Endurance timely filed a supervisory writ application of the trial court's October 30, 2018 ruling,[9] as well as a devolutive appeal of the trial court's November 13, 2018 judgment that dismissed their claims against AXIS. AXIS filed an answer to the appeal, seeking damages and costs for litigating this appeal.

---

[8] The May 18, 2018 Gemini/Endurance cross-motion for summary judgment against AXIS is not part of this record on appeal. Gemini and Endurance also filed motions for summary judgment against Accident, AIX, United, and XL based on the claims raised in their cross-claim and third-party demand. Those motions are not at issue in this appeal.

[9] The writ application was referred to this appellate panel. See **Anderson v. Laborde Constr. Indus., L.L.C.,** 2018-1583 (La. App. 1st Cir. 3/21/19) (unpublished writ action). Louisiana Code of Civil Procedure article 1915(A)(3) states that a final judgment may be rendered by the trial court when it grants a motion for summary judgment as long as it is not a partial summary judgment on a particular theory or defense. The judgment at issue is not a partial final judgment—it dismisses all claims asserted by Catamount, AIX, Gemini, and Endurance as to AXIS. Thus, the trial court's grant of AXIS's motion for summary judgment falls squarely into Article 1915(A)(3)—it is a final judgment subject to immediate appeal. Accordingly, Gemini and Endurance's supervisory writ application is dismissed.

## LAW AND DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Jones v. Anderson,** 2016-1361 (La. App. 1st Cir. 6/29/17), 224 So. 3d 413, 417. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.[10] La. C.C.P. art. 966(A)(4).

The burden of proof rests on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Crosstex Energy Services, LP v. Texas Brine Company, LLC,** 2017-0895 (La. App. 1st Cir. 12/21/17), 240 So. 3d 932, 936, writ denied, 2018-0145 (La. 3/23/18), 238 So. 3d 963. Thus, appellate courts ask the same questions:

---

[10] However, the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. La. C.C.P. art. 966(D)(2).

10

whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Crosstex Energy Services, LP**, 240 So. 3d at 936. Because it is the applicable substantive law that determines materiality, whether a particular issue in dispute is material can be seen only in light of the substantive law applicable to the case. **Jones**, 224 So. 3d at 417.

*Assignment of Error No. 1: Dismissal of Gemini and Endurance's Claims against AXIS*

In their first assignment of error, Gemini and Endurance argue that the trial court erred in dismissing their claims against AXIS with prejudice, arguing that AXIS did not pray for a dismissal of Gemini and Endurance's claims in its motion for summary judgment that was before the trial court on October 30, 2018.

Louisiana Code of Civil Procedure article 966(F) makes clear that a summary judgment may be "rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." See also **Leet v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.**, 2018-1148 (La. App. 1st Cir. 2/28/19), 274 So. 3d 583, 590-91. As held by the Louisiana Supreme Court, a court cannot render a motion for summary judgment dismissing a claim which has not been challenged by the pleading. **Hoover v. Hoover**, 2001-2200 (La. 4/3/02), 813 So. 2d 329, 334.

AXIS did not raise the issue of Gemini and Endurance's claims against it in its motion for summary judgment. Despite the fact that Gemini and Endurance filed an opposition to AXIS's motion for summary judgment, and attended and participated in the October 30, 2018 hearing, the dismissal of Gemini and Endurance's claims raised in their cross-claim and third-party demand against AXIS was not before the trial court at the October 30, 2018 hearing on AXIS's motion for summary judgment. AXIS's motion for summary judgment sought dismissal of all claims asserted against it by Catamount and AIX. The

11

Gemini/Endurance cross-motion for summary judgment was originally set for hearing on June 21, 2018, but was continued. Gemini/Endurance moved to re-set the motion, but the trial court did not set the motion for hearing. There is a handwritten notation at the bottom of the proposed order setting the hearing date that says "See Case Management order...." There is no rule in the record fixing the Gemini/Endurance cross-motion for summary judgment for hearing, no service of such rule, and the Gemini/Endurance cross-motion for summary judgment was not called on October 30, 2018 at the hearing on AXIS's motion for summary judgment.

Thus, the trial court erred in dismissing Gemini and Endurance's claims raised in their cross-claims and third-party demand against AXIS. Because Gemini and Endurance's claims for reimbursement, contribution, and/or damages were not placed before the court in AXIS's motion for summary judgment, the portion of the trial court's judgment dismissing the claims of Gemini and Endurance against AXIS with prejudice was in error. Accordingly, we vacate that portion of the trial court's November 13, 2018 judgment dismissing all claims asserted against AXIS by Gemini and Endurance.

### Assignment of Error No. 2: Dismissal of Catamount and AIX's Claims against AXIS

In their second assignment of error, Gemini and Endurance argue that the trial court erred in dismissing Catamount and AIX's claims against AXIS, with prejudice. They argue that there are genuine issues of material fact as to whether the plaintiffs' damages manifested during the AXIS policy period (February 5, 2015 to February 5, 2016), rather than when the negligent acts that caused the damage occurred, such that coverage was triggered under the AXIS policy covering Catamount and HCI.

The commercial general liability policy issued by AXIS obligates it to pay sums which the insured becomes obligated to pay as damages because of bodily injury or property damage to which the insurance applies. AXIS's policy provides:

> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>     **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>     **(2)** The "bodily injury" or "property damage" occurs during the policy period[.]

The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

In seeking summary judgment in its favor, AXIS argued that coverage for Catamount under its policy was not triggered because by the time the AXIS policy was issued to HCI (February 5, 2015 to February 5, 2016), Catamount had been fired from the project (effective July 1, 2014). Accordingly, Catamount could not be found vicariously liable for any act or omission on the part of HCI post-termination, at a time when the AXIS policy may have been in effect.

"Trigger of coverage" is the event or condition that determines whether (and when) a policy responds to a specific claim. It describes what must happen, according to the terms of an insurance policy, for the potential of coverage to arise. **Mangerchine v. Reaves**, 2010-1052 (La. App. 1st Cir. 3/25/11), 63 So. 3d 1049, 1054.

According to the plain language of AXIS's policy, insurance only applies if property damage occurs during the policy period. Generally, if the date the damage occurred is known, courts apply that date in determining if insurance under the policy is triggered. See McKenzie & Johnson, "Occurrence—Long Tail Injuries," 15 LA. CIV. L. TREATISE, *Insurance Law & Practice § 6:6* (4th ed. Nov. 2019 Update). However, when the alleged damage or injury is latent or hidden, courts nationwide have developed and applied a number of different trigger

theories, applicable to various factual situations and coverage types, to address the complicated issue of coverage of continuous and progressive property damage with delayed onset or manifestation. **Mangerchine**, 63 So. 3d at 1054.

In the case of third-party claims for construction defects under commercial general liability (CGL) policies, Louisiana courts have generally applied the manifestation trigger theory for such claims. See **Landry v. Williamson**, 2014-1232 (La. App. 1st Cir. 5/1/15), 2015 WL 2093658, at *3 (unpublished). Additionally, courts have applied the manifestation trigger theory to claims for emotional distress damages as a result of construction defects. **Id.** Under the manifestation trigger theory, coverage is triggered when the damage manifests itself and is discovered during the policy period, not when the causative negligence took place. **Id.** In third-party CGL claims, the defective construction itself does not trigger coverage under the CGL policy, but rather, the coverage is triggered when the defect causes property damage. See McKenzie & Johnson, "Occurrence—Construction Defects," 15 LA. CIV. L. TREATISE, *Insurance Law & Practice § 6:5* (4th ed. Nov. 2019 Update).

Having determined that the manifestation theory applies to the policy coverage at issue, we must next determine whether there is a genuine issue of material fact as to whether the trigger of coverage fell within the effective dates of the AXIS policy period. That is, we must determine whether there is a genuine issue of material fact as to whether the damages "occurred" or first became manifest or evident, between February 5, 2015 and February 5, 2016. See **Mangerchine**, 63 So. 3d at 1060.

As the mover, AXIS had the burden of proof on the motion for summary judgment. See La. C.C.P. art. 966(D)(1). However, as a third-party defendant, AXIS will not bear the burden of proof at trial on Catamount's third-party demand and AIX's first supplemental and amending counterclaim for declaratory

judgment, cross-claim, and third-party demand. That burden ultimately rests with the third-party plaintiffs, Catamount and AIX. See La. C.C.P. art. 966(D)(1); see also **Mangerchine**, 63 So. 3d at 1061. Accordingly, the burden on the motion for summary judgment did not require AXIS to negate all essential elements of the Catamount and AIX's claims, but rather to point out to the court the absence of factual support for one or more elements essential to Catamount and AIX's claims. The burden would then shift to Catamount and AIX to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that AXIS is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1).

In opposition to AXIS's motion for summary judgment, AIX, Gemini, and Endurance presented evidence in the form of the allegations made in the various pleadings, the AXIS policy, and the plaintiffs' depositions to show that there are genuine issues of material fact as to whether some of the plaintiffs' damages manifested during the AXIS policy period, February 5, 2015 to February 5, 2016, including: flooding of Ms. Leuschner's property in 2014, 2015, and 2016; increased surface water drainage from the project "from 2013 to the present" onto plaintiffs' properties; drainage problems on Ms. Leuschner's property causing her backyard to remain saturated, including during 2015; and drainage issues on Ms. Anderson's property in 2015, which she reported to the Louisiana Department of Environmental Equality.

There is a genuine issue of material fact as to whether these events manifested during the effective dates of the AXIS policy period, and therefore, whether the plaintiffs' alleged damages "occurred" during the AXIS policy period. Accordingly, based on our *de novo* review of the record on appeal, we find that there exist genuine issues of material fact that preclude a grant of summary judgment in AXIS's favor, dismissing all claims raised against it by Catamount and AIX. Thus, we find that the trial court erred in granting summary judgment in

15

favor of AXIS. We reverse that portion of the trial court's November 13, 2018 judgment dismissing all claims asserted against AXIS by Catamount in its third-party demand and by AIX in its first supplemental and amending counterclaim for declaratory judgment, cross-claim, and third-party demand.[11]

## DECREE

For the foregoing reasons, the portion of the November 13, 2018 judgment granting AXIS Surplus Insurance Company's motion for summary judgment and dismissing all claims asserted against it by Gemini Insurance Company and Endurance American Insurance Company, with prejudice, is hereby vacated.

The portion of the November 13, 2018 judgment granting AXIS Surplus Insurance Company's motion for summary judgment and dismissing all claims asserted against it by Catamount Constructors, Inc. and AIX Specialty Insurance Company, with prejudice, is hereby reversed.

This matter is remanded for further proceedings consistent with this opinion.

The answer to the appeal filed by AXIS Surplus Insurance Company is denied.

The November 5, 2018 writ application filed by Gemini Insurance Company and Endurance American Insurance Company is dismissed.

Costs of the proceedings in this court are assessed equally among the parties.

**JUDGMENT VACATED IN PART, AND REVERSED IN PART; REMANDED; ANSWER TO THE APPEAL DENIED; WRIT DISMISSED.**

---

[11] Because we conclude that the trial court erred in granting summary judgment in favor of AXIS, we deny the answer to the appeal filed by AXIS, seeking damages and costs for litigating this appeal.