STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0180

DANIEL BALDWIN DUNLAP AND MARGARET A. DUNLAP

VERSUS

EMPIRE TRADING GROUP, LLC, YOUR HOME PROS REALTY,
VICTORIA HONEYCUTT, KAITLIN COX, KELLER WILLIAMS
REALTY-GREATER BATON ROUGE, ABC INSURANCE
COMPANY, DEF INSURANCE COMPANY, AND XYZ
INSURANCE COMPANY

Judgment Rendered: **OCT 1 8 2021**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 163360

Honorable Charlotte Hughes Foster, Judge Presiding

* * * * *

| | |
|---|---|
| Stephen M. Stafford<br>Walker, LA | Attorney for Plaintiffs-Appellants,<br>Daniel Baldwin Dunlap and<br>Margaret A. Dunlap |
| David Phelps<br>Ross A. Dooley<br>Baton Rouge, LA | Attorneys for Defendant-Appellee,<br>Empire Trading Group, LLC |
| C. Michael Pfister, Jr.<br>Autumn M. Coe<br>Metairie, LA | Attorneys for Defendants-Appellees,<br>Your Home Pros Realty, LLC and<br>Victoria Honeycutt |

Martin E. Golden                         Attorney for Defendants-Appellees,
Baton Rouge, LA                          Kaitlin Cox and GBRMC Holdings,
                                         LLC d/b/a Keller Williams Realty-
                                         Greater Baton Rouge

* * * * *

BEFORE:  WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

* * * * *

2

**HESTER, J.**

In this fraud case arising out of the sale of a home, plaintiffs, the purchasers of the home, appeal the trial court's grant of summary judgment in favor of defendants, the seller's real estate agent and real estate agency. For the following reasons, we affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL HISTORY

On May 9, 2018, Daniel and Margaret Dunlap purchased a home located at 7367 Impson St. in Denham Springs, Louisiana, from Empire Trading Group, LLC. Victoria Honeycutt, a real estate agent for Your Home Pros Realty, represented Empire in the sale. Prior to the sale of the property, Empire disclosed to the Dunlaps that the property flooded in August 2016 and on January 27, 2018.

After purchasing the home, the Dunlaps requested and received a flood insurance quote from the National Flood Insurance Program. As part of that process, the Dunlaps received a list of dates of flood losses and claim amounts on the property. The number of flood claims from September 11, 1998 to May 29, 2018 totaled eighteen. Subsequent to receiving the list of flood claims, the Dunlaps' home flooded in August 2018, April 2019, and May 2019.

On May 22, 2019, the Dunlaps filed a Petition in Redhibition, Breach of Contract, Fraud, and for Damages against several defendants including Ms. Honeycutt and Your Home Pros Realty. In their petition, the Dunlaps allege that Ms. Honeycutt and Your Home Pros Realty committed fraud by concealing their knowledge of previous flood claims and defects from the Dunlaps and by promoting the home as one that only flooded twice. Ms. Honeycutt and Your Home Pros Realty answered the Dunlaps' suit and filed a motion for summary judgment on July 1, 2020, seeking dismissal of the Dunlaps' claims against them. Ms. Honeycutt and Your Home Pros Realty asserted that the Dunlaps have no evidence that they withheld information, and therefore, the Dunlaps would be unable to meet their

3

evidentiary burden at trial. Following a hearing on the motion, the trial court issued written reasons finding that the Dunlaps failed to show that Ms. Honeycutt and Your Home Pros Realty had knowledge of the prior flood history or prior flood related defects. The trial court signed a judgment on October 7, 2020, granting the motion for summary judgment, and dismissing the Dunlaps' claims against Ms. Honeycutt and Your Home Pros Realty. It is from this judgment that the Dunlaps appeal contending that the trial court erred in granting summary judgment concerning the issue of fraud in favor of Ms. Honeycutt and Your Home Pros Realty. [1]

## LAW AND ANALYSIS

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Jones v. Anderson**, 2016-1361 (La. App. 1st Cir. 6/29/17), 224 So.3d 413, 417. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. Code Civ. P. art. 966(A)(4).

The burden of proof rests on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is

---

[1] The Dunlaps' motion for summary judgment addressed fraud only and did not address their claims for breach of contract or redhibition.

4

then on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Crosstex Energy Services, LP v. Texas Brine Company, LLC**, 2017-0895 (La. App. 1st Cir. 12/21/17), 240 So.3d 932, 936, writ denied, 2018-0145 (La. 3/23/18), 238 So.3d 963. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Crosstex Energy Services, LP**, 240 So.3d at 936. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Jones**, 224 So.3d at 417.

Louisiana Civil Code article 1953 defines fraud as the misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. La. Civ. Code art. 1953. The elements of the tort of fraud, similar to contractual fraud, are a misrepresentation of material facts made with the intent to deceive where there was reasonable and justifiable reliance by the plaintiff and resulting injury. **Riedel v. Fenasci**, 2018-0539 (La. App. 1st Cir. 12/28/18), 270 So.3d 795, 801. The party asserting a claim of fraud has the burden of proving fraud by a preponderance of the evidence, both direct and circumstantial. La. Civ. Code art. 1957; see **Markiewicz v. Sun Construction, L.L.C.**, 2019-1590-2019-1592 (La. App. 1st Cir. 9/18/20), 2020 WL 5587265, *5 (unpublished) writ denied, 2020-01196 (La. 1/12/21), 308 So. 3d 714, and **Montet v. Lyles**, 93-1724 (La. App. 1st Cir. 6/24/94), 638 So. 2d 727, 730, writ denied, 94-1985 (La. 11/18/94), 646 So. 2d 377.

5

Because the Dunlaps would bear the burden of proof at trial as to their fraud claims, Ms. Honeycutt and Your Home Pros Realty had the burden on summary judgment to point out the absence of factual support for one or more of the elements of the Dunlaps' fraud claim. La. Code Civ. P. art. 966(D)(1). As to the first element of fraud, a misrepresentation, suppression, or omission of true information, Ms. Honeycutt and Your Home Pros Realty pointed out that the Dunlaps need to prove that Ms. Honeycutt and Your Home Pros Realty had knowledge regarding the flood history of the Impson St. home that they did not disclose. Ms. Honeycutt and Your Home Pros Realty contend that there was no evidence that they were aware of the prior flood history of the Impson St. home at the time of the sale. In support of their motion for summary judgment, Ms. Honeycutt and Your Home Pros Realty attached the Dunlaps' petition for damages; the affidavits of Ms. Honeycutt and Mark Andermann, a broker and the co-owner of Your Home Pros Realty; and the depositions of Mr. and Mrs. Dunlap.

In her affidavit, Ms. Honeycutt pointed out that the Agreement to Buy or Sell attached to her affidavit granted the Dunlaps a seven-day inspection and due diligence period and explained that the real estate agents and brokers involved in the transaction do not warrant the condition of the property. Ms. Honeycutt also pointed out that the sale was "AS IS" and "WITHOUT WARRANTIES." Ms. Honeycutt referenced the attached Property Disclosure Exemption Form that disclosed that Empire had owned the property for only ten months prior to the sale and that the property flooded twice during Empire's ownership of the property. Finally, Ms. Honeycutt stated, "I did not have knowledge of the prior, undisclosed flood events or the defects to the property relating to the prior flood events as alleged in [the Dunlaps'] Petition for Damages."

In his affidavit, Mr. Andermann stated that Your Home Pros Realty did not have knowledge of prior undisclosed flood events or defects to the property related

6

to the prior flood events and that Your Home Pros Realty disclosed all known flood events. Mr. Andermann also pointed out that Your Home Pros Realty never owned the Impson Street home and never entered into a contract with the Dunlaps.

In their depositions, Mr. Dunlap and Mrs. Dunlap acknowledged that they did not speak to Ms. Honeycutt or anyone from Your Home Pros Realty prior to the sale. Mrs. Dunlap agreed that she did not have any information showing that anybody at Your Home Pros Realty or Ms. Honeycutt knew about the prior flooding claims. Mr. Dunlap stated that they were given an opportunity to have the home inspected prior to the sale, but the only inspection they had done was a termite inspection. Mr. Dunlap agreed that the property disclosure form showed that the property flooded in August 2016 and on January 27, 2018, and there were drainage problems.

The evidence submitted by Ms. Honeycutt and Your Home Pros Realty in favor of their motion revealed that Ms. Honeycutt and Your Home Pros Realty were not aware of the prior flooding history; their client, Empire, disclosed the flooding that occurred during its ten-month ownership of the home; the Dunlaps never spoke to Ms. Honeycutt or anyone with Your Home Pros Realty prior to the sale; and the Dunlaps were given the opportunity to inspect the home, but did not do so. This evidence reveals an absence of factual support for the first element of fraud, specifically that Ms. Honeycutt and Your Home Pros Realty misrepresented, suppressed, or omitted the truth. Therefore, the burden shifted to the Dunlaps to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

In opposition to the motion for summary judgment, the Dunlaps contend that the circumstantial evidence, which may be considered to prove fraud, is sufficient to defeat summary judgment. Specifically, the Dunlaps rely on the Flood Insurance Reform Act to suggest that Ms. Honeycutt and Your Home Pros Realty knew or should have known about the flood history for the Impson St. home. The Dunlaps

7

argue that FEMA, under the Bunning-Bereuter-Blumenauer Flood Insurance Reform Act of 2004, sends flood claim information to those with flood insurance policies; Empire had a flood insurance policy; and Empire should have received the flood claim information. The Dunlaps argue that because Empire should have received the flood history and Empire and Your Home Pros Realty have a common member, Your Home Pros Realty should have known about the flood loss history.[2] We disagree. The Flood Insurance Reform Act does not establish that the flood history was mailed to Empire, that Empire received that information, or that Your Home Pros Realty or Ms. Honeycutt received the flood history.

In conclusion, the Dunlaps presented no factual support to prove that Ms. Honeycutt or Your Home Pros Realty had knowledge of the Impson St. home's flooding history, which would be necessary to show they misrepresented, suppressed, or omitted the truth. Accordingly, the Dunlaps did not meet their burden of establishing a genuine issue of material fact remains as to their fraud claim against Ms. Honeycutt and Your Home Pros Realty.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of the proceedings are assessed to plaintiff-appellants, Daniel and Margaret Dunlap.

**AFFIRMED.**

---

[2] In support of their argument, the Dunlaps relied on their affidavits as well as Empire and Your Home Pros Realty's business registrations with the Secretary of State. The Secretary of State records listed one of Empire's officers as Kody Horn, one of Your Home Pro Realty's officers as A-O-K Properties, LLC, and one of A-O-K Properties, LLC members as Kody Horn.