J^FITZSIMMONS, J.
The issue on appeal is whether the defendant, Mr. Ashton R. LeBlanc, had automobile insurance coverage under a policy issued by defendant, U.S. Agencies Casualty Insurance Company, Inc. (U.S. Agencies). After the trial court found coverage, U.S. Agencies appealed. Based on an error of law, we reverse.

FACTS AND PROCEDURAL BACKGROUND

The insured, Mr. LeBlanc, purchased insurance from U.S. Agencies. He financed his premium through an insurance premium finance company, LIFCO, L.L.C. (LIFCO). The only parties named in the premium finance agreement were the buyer, Mr. LeBlanc, the agent, “USAgencies Management Services,” and the lender, LIFCO. After Mr. LeBlanc failed to make his payment on the due date, LIFCO sent him a notice of cancellation. Subsequently, LIFCO sent to the insurer, U.S. Agencies, a copy of the notice of cancellation and a statement certifying that: (1) the finance agreement contained “a valid power of attorney,” (2) the finance agreement was “in default and the default [had] not been timely cured,” (3) “a Ten (10) Day Notice of Cancellation was mailed to the insured ... [, c]opies of these notices are enclosed and the Affidavit Proof of Mailing is available upon request,” and (4) “[c]opies of the Ten (10) Day Notice of Cancellation were mailed to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder.” The statement also provided the policy number, a “Notice Date” of September 1, 2001, a “Cancel Date” of September 12, 2001, and the name of the insured, Mr. LeBlanc.
On September 22, 2001, Mr. LeBlanc and the plaintiff, Mr. James Stephens, were involved in a vehicular accident in Baton Rouge, Louisiana. On November 20, 2001, Mr. Stephens filed a suit for damages naming as defendants, Mr. Le-Blanc and his insurer, U.S. Agencies. In its answer, U.S. Agencies denied coverage based on cancellation of the policy prior to the accident. Mr. LeBlanc | ¡¡filed a cross-claim against U.S. Agencies on the issue of coverage. At the trial on the merits, the parties stipulated that Mr. LeBlanc was the sole cause of the accident. Evidence was submitted on the issues of damages and coverage.
In oral reasons, the trial court found that Mr. LeBlanc had not timely paid his premium. That issue has not been appealed. However, the court continued, as follows:
And I was prepared to rule that the policy had been cancelled; but in reviewing the statute, there is no indication on the notice of cancellation to [Mr. LeBlanc] that his lienholder or the Department of Motor Vehicles was being informed. There is no notification on the ten-day notice of cancellation to either him or the lienholder of the name or of the notification to the agent or ... any indication that a notice of cancellation was made to the agent. And for that reason, I find the cancellation to be ineffective and the policy to have been in effect.
A judgment was signed on April 29, 2003, finding coverage by U.S. Agencies for Mr. LeBlanc, and awarding damages to *264 the plaintiff, Mr. Stephens. Only the issue of coverage was appealed.

APPLICABLE LEGAL PRECEPTS

The laws governing cancellation pursuant to an insurance premium finance company’s exercise of its power of attorney must be strictly applied. Delatte v. Lemotte, 633 So.2d 686, 689 (La.App. 1 Cir.1993). The pertinent part of the applicable statute in effective at the time of the cancellation, La. R.S. 9:3550, provides that:
A. This Section shall apply to any person engaged in the business of financing insurance premiums for consumers entering into premium finance agreements or otherwise acquiring premium finance agreements.
H* *1* H*
G. Insurance contracts may be canceled upon default as follows:
(1) When a premium finance agreement contains a power of attorney enabling the insurance premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be canceled by the insurance premium finance company unless such cancellation is effectuated in accordance with this Subsection.
L(2) Upon default of the insurance premium finance agreement by the debtor, the premium finance company may mail a notice of cancellation to the insured, at his last known mailing or electronic address as shown on the records of the insurance premium finance company. A copy of the notice of cancellation of the insurance contract shall also be mailed to the insurance agent negotiating the related insurance contract whose name and place of business appears on the premium finance agreement. Such notice of cancellation shall also state the name of any governmental agency, mortgagee, or third party also requiring notice of cancellation as shown on the insurance premium finance contract.
(3)(a) Ten days after notice of cancellation has been mailed to the insured, or fourteen days when notice is sent from outside of this state, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract or contracts by mailing to the insurer, by depositing in the mail or with a private carrier within five business days after the date of cancellation, except when the payment has been returned uncollected, a copy of the notice of cancellation together with a statement certifying that:
(i) The premium finance agreement contains a valid power of attorney as provided in Paragraph (1) of this Subsection.
(ii) The premium finance agreement is in default and the default has not been timely cured.
(iii) Upon default, a notice of cancellation was sent to the insured as provided in Paragraph (2) of this Subsection, specifying the date of sending by the premium finance company to the insured.
(iv) Copies of the notice of cancellation were mailed to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder, specifying the names and addresses of any governmental agencies, mortgagees, or third parties to whom the insurance premium finance company has sent notice of cancellation.
(b) Upon receipt of such notice of cancellation and statement from the premium finance company, the insurer shall consider that cancellation of the insurance contract or contracts has been re *265 quested by the insured but without requiring the return of the insurance contract or contracts and the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:637. The effective date of cancellation shall be as of 12:01 a.m. on the tenth day after the date of mailing of the notice of cancellation as shown in said statement furnished to the insurer by the premium finance company.
(c) The receipt of such notice [of cancellation] and statement by the insurer shall create a conclusive presumption that the facts stated in said notice and statement are correct, that the insurer is entitled to rely on such facts and that the cancellation of the insurance contract or contracts is concurred in and authorized by the insured. No liability of any nature whatsoever either in favor of the insured, any governmental agency, holder of a security interest in the insured property, or third party shall be imposed upon the insurer as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, or as a result of failure by the insured, any governmental agency, holder of a security interest in |fithe insured property, or third party to receive the notice of cancellation required by Paragraph (2) of this Subsection, or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection. Upon mailing of any unearned premium and unearned commission to the insurance premium finance company as soon as practicable following such cancellation, the insurer shall be fully discharged from all liability under the insurance contract or contracts for any loss occurring subsequent to the effective date of cancellation. (Emphasis added.)
Based on our review of the record and applicable law, we can find no statutory basis for the trial court’s belief that LIFCO was required to send the insured, Mr. LeBlanc, a notice that his lien-holder and the Department of Motor Vehicles were being notified of the cancellation. LIFCO, however, was required to send a copy of the notice of cancellation to “USA-gencies Management Services,” the “insurance agent ... whose name and place of business appears on the insurance premium finance agreement.” La. R.S. 9:3550 G(2). Although the trial court may have been correct in finding that, at the very least, LIFCO failed to send the requisite notice to the specifically named agent, the trial court committed legal error by not applying La. R.S. 9:3550 G(3)(c).
Under section G(3)(e), and in spite of LIFCO’s procedural failures, the insurer, defendant U.S. Agencies, is entitled to the “conclusive presumption” provided by statute upon its receipt of the notice of cancellation and certifying statement. Section G(3)(c) further provides that the insurer cannot be held liable “in favor of the insured,” Mr. LeBlanc, “as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, ... or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection.” The statutory directive is clear. Although LIFCO may have made mistakes, under the specific facts here, the legislature has determined that the insurer cannot be held liable for the coverage based only on the procedural failures |fiof the insurance premium finance company asserted by Mr. LeBlanc. Thus, the policy was properly *266 cancelled by the insurer prior to the accident.
For these reasons, we reverse the judgment on the issue of insurance coverage, and dismiss defendant, U.S. Agencies, from the suit. We affirm the judgment in all other respects. The costs of the appeal are assessed to defendant, Mr. LeBlanc.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.