McClendon, J.,
dissenting.
| iLouisiana Revised Statutes 9:3550G provides, in pertinent part:
G. Insurance contracts may be canceled upon default as follows:
(1) When a premium finance agreement contains a power of attorney enabling ,the insurance premium finance company to cancel any insurance contract, or contracts, or endorsements listed in the agreement, the insurance contract, or contracts, or endorsements shall not be canceled by the insurance premium finance company unless such cancellation is effectuated in accordance with this Subsection,
(2) Upon default of the insurance premium finance agreement by the debtor, the premium finance company shall mail or send an electronic notice of cancellation to the insured, at his last known mailing or electronic address as shown on the records of the insurance premium finance company. ... In the event the default is not timely cured as provided herein and the insurance policy is canceled pursuant to the terms of the insurance premium finance agreement, a copy of the notice of cancellation of the insurance contract shall also be sent to the insurance agent negotiating the related insurance contract whose name and place of business appears on the insurance premium finance agreement ...
(3)(a) Ten days after notice of cancellation 'has been mailed to the insured, if the default has not been cured, the insurance premium finance company may thereafter effect cancellation of such insurance contract, or contracts, or endorsements by sending to the insurer, by depositing in the mail or with a private carrier, or via electronic mail, within five business days after the date of cancellation, except when the payment has been returned uncollected, a copy of the notice of cancellation together with a statement certifying that:
(i) The premium finance agreement contains a valid power of attorney as provided in Paragraph (1) of this Subsection.
(ii) The premium finance agreement is in default and the default has not been timely cured.
(iii) Upon default, a notice of cancellation was sent to the insured as provided in Paragraph (2) of this Subsection, specifying the date of sending by the premium finance company to the insured.
(iv) Copies of the notice of cancellation were sent to all persons shown by the premium finance agreement to have an interest in any loss which may |2occur thereunder, specifying the names and addresses of any governmental agencies, holders of a security interest in the insured property, or third parties to whom the insurance premium finance company has sent notice of cancellation.
(b)(i) Upon receipt of such notice of cancellation and statement from the premium finance company, the insurer shall consider that cancellation of the *421 insurance contract or contracts has been requested by the insured but without requiring the return of the insurance contract or contracts and the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:885. The effective date of cancellation shall be as of 12:01 a.m. on the tenth day after the date of sending of the notice of cancellation as shown in said statement furnished to the insurer by the premium finance company. ... (c) The receipt of such notice of cancellation and statement by the insurer shall create a conclusive presumption that the facts stated in said notice and statement are correct, that the insurer is entitled to rely on such facts and that the cancellation of the insurance contract or contracts is concurred in and authorized by the insured. No liability of any nature whatsoever either in favor of the insured, any governmental agency, holder of a security interest in the insured property, or third party shall be imposed upon the insurer as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, or as a result of failure by the insured, any governmental agency, holder of a security interest in the insured property, or third party to receive the notice of cancellation required by Paragraph (2) of this Subsection, or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection. Upon mailing of any unearned premium and unearned commission to the insurance premium finance company as soon as practicable following such cancellation, the insurer shall be fully discharged from all liability under the insurance contract or contracts for any loss occurring subsequent to the effective date of cancellation.
In this matter, the exhibits submitted by GoAuto in support of its motion for summary judgment effectively demonstrated that APAC complied with the statutory requirements. More specifically, Angela Pittman, the custodian of the records as operations manager for APAC, attested that on May 13, 2015, when Mr. Anderson’s monthly installment became due on his renewal policy and no payment was received, APAC sent a ten-day notice of cancellation to his last known email address, with an effective cancellation date of May 24, 2015 at 12:01 a.m.[1] Ms. Pittman further attested that when the required premium was not received before May 24, 2015, APAC, exercising its power of-attorney given by Mr. Anderson, requested cancellation of policy number 320107-12 for nonpayment of the premium, and a letter requesting ^cancellation of the policy, along with a copy of the ten-day notice of cancellation was forwarded by APAC to GoAuto. Additionally, Ms. Pittman verified that that notice of cancellation from APAC to GoAuto on May 24, 2015, contained a statement with the certifications required by LSA-R.S. 9:3550G(3)(a)(i)-(iv).[2] Policy number 320107-12 was cancelled on May 24,2015 at 12:01 a.m.- The plaintiffs offered no evidence in opposition to the motion for summary judgment.
Additionally, under section G(3)(c), the insurer is entitled to the “conclusive presumption” provided by statute upon its receipt of the notice of cancellation and certifying statement. Stephens v. LeBlanc, 03-1460 (La.App. 1 Cir. 5/14/04), *422 879 So.2d 262, 265. Section G(3)(c) further provides that the insurer cannot be held liable “in favor of the insured” “as a result of any misstatement of fact contained in said notice of cancellation or statement furnished by the insurance premium finance company to the insurer, ... or as a result of failure of the insurance premium finance company to comply with any of the requirements of this Subsection.” The statutory directive is clear. Id.
Pursuant to LSA-R.S. 9:3560, GoAuto was entitled to rely on the facts stated in the notice of cancellation sent by APAC. Therefore, receipt of the required documents by GoAuto created a presumption in favor of the insurer that the facts stated in said notice and statement were correct, that the insurer was entitled to rely on such facts and that the cancellation of the insurance contract was concurred in and authorized by the insured. See LSA-R.S. 9:3550G(3)(c).
Based on these facts, and finding the renewal policy unnecessary for a determination, I would affirm the trial court.

. A copy of the email and ten-day notice of cancellation are in the record.

. Copies of the affidavit of proof of emailed notices and of the request for cancellation are in the record.